## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| MELISSA WINSHIP, on behalf of herself and all others similarly situated,<br><br>Plaintiff(s),<br><br>-against-<br><br>COLLECTO, INC. D/B/A EOS CCA; US ASSET MANAGEMENT, INC.; and JOHN DOES 1-25,<br><br>Defendant(s). | Civil Case Number: _____<br><br>**CIVIL ACTION**<br><br>**CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL** |

Plaintiff, MELISSA WINSHIP, on behalf of herself and all others similarly situated (hereinafter "Plaintiff") by and through her undersigned attorney, alleges against the above-named Defendants, COLLECTO, INC. D/B/A EOS CCA ("EOS CCA"); US ASSET MANAGEMENT, INC. ("US ASSET MANAGEMENT"); JOHN DOES 1-25, their employees, agents, and successors (collectively "Defendants") the following:

### PRELIMINARY STATEMENT

1. Plaintiff brings this action for damages and declaratory relief arising from the Defendants' violation of 15 U.S.C. § 1692 *et seq.*, the Fair Debt Collection Practices Act (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

### JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331. This is an action for violations of 15 U.S.C. § 1692 *et seq.*

3. Venue is proper in this district under 28 U.S.C. §1391(b)(2) because the acts of the Defendant that give rise to this action, occurred in substantial part, in this district.

## DEFINITIONS

4. As used in reference to the FDCPA, the terms "creditor," "consumer," "debt," and "debt collector" are defined in § 803 of the FDCPA and 15 U.S.C. § 1692a.

## PARTIES

5. The FDCPA, 15 U.S.C. § 1692 *et seq.*, which prohibits certain debt collection practices provides for the initiation of court proceedings to enjoin violations of the FDCPA and to secure such equitable relief as may be appropriate in each case.

6. Plaintiff is a natural person, a resident of Burlington County, New Jersey and is a "Consumer" as defined by 15 U.S.C. § 1692a(3).

7. EOS CCA maintains a location at 700 Longwater Drive, Norwell, Massachusetts 02061.

8. US ASSET MANAGEMENT maintains a location at 700 Longwater Drive, Norwell, Massachusetts 02061.

9. Upon information and belief, each Defendant uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

10. Each Defendant is a "Debt Collector" as that term is defined by 15 U.S.C. § 1692(a)(6).

11. John Does 1-25, are fictitious names of individuals and business alleged for the purpose of substituting names of defendants whose identities will be disclosed in discovery and should be made parties to this action.

## CLASS ACTION ALLEGATIONS

12. Plaintiff brings this action as a state wide class action, pursuant to Rule 23 of the Federal Rules of Civil Procedure (hereinafter "FRCP"), on behalf of herself and all New Jersey consumers and their successors in interest (the "Class"), who were sent debt collection letters and/or notices from the Defendants which are in violation of the FDCPA, as described in this Complaint.

13. This Action is properly maintained as a class action. The Class is initially defined as:

- All New Jersey consumers who were sent letters and/or notices from EOS CCA concerning a debt owned by US ASSET MANAGEMENT, which originated with SALLIE MAE BANK and which included the alleged conduct and practices described herein.

    The class definition may be subsequently modified or refined. The Class period begins one year to the filing of this Action.

13. The Class satisfies all the requirements of Rule 23 of the FRCP for maintaining a class action:

- Upon information and belief, the Class is so numerous that joinder of all members is impracticable because there may be hundreds and/or thousands of persons who were sent debt collection letters and/or notices from the Defendants that violate specific provisions of the FDCPA. Plaintiff is complaining of a standard form letter and/or notice. (*See* **Exhibit A**, except that the undersigned attorney has, in accordance with Fed. R. Civ. P. 5.2

redacted the financial account numbers and/or personal identifiers in an effort to protect Plaintiff's privacy);

- There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation:

    a. Whether the Defendants violated various provisions of the FDCPA including but not limited to:

    15 U.S.C. §§ 1692e; 1692e(2)(A); 1692e(2)(B); 1692e(10); 1692f(1) and 1692g(a)(1);

    b. Whether Plaintiff and the Class have been injured by the Defendants' conduct;

    c. Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendants' wrongdoing and if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and

    d. Whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

- Plaintiff's claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories.

- Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Class.

- Plaintiff will fairly and adequately protect the interest of the Class and has retained experienced and competent attorneys to represent the Class.

- A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates that no unusual difficulties are likely to be encountered in the management of this class action.

- A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would engender.  Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein.  Absent a Class Action, class members will continue to suffer losses of statutory protected rights as well as monetary damages.  If Defendants' conduct is allowed to proceed without remedy, they will continue to reap and retain the proceeds of their ill-gotten gains.

- Defendants have acted on grounds generally applicable to the entire Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## STATEMENT OF FACTS

14. Plaintiff is at all times to this lawsuit, a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

15. Sometime prior to September 26, 2017, Plaintiff allegedly incurred a financial obligation to SALLIE MAE BANK ("SALLIE MAE BANK").

16. The SALLIE MAE BANK obligation arose out of a transaction, in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family or household purposes.

17. Plaintiff incurred the SALLIE MAE BANK obligation by obtaining goods and/or services which were primarily for personal, family and household purposes.

18. Plaintiff did not incur the SALLIE MAE BANK obligation for business purposes.

19. The SALLIE MAE BANK obligation is a "debt" as defined by 15 U.S.C. § 1692a(5).

20. SALLIE MAE BANK is a "creditor" as defined by 15 U.S.C. § 1692a(4).

21. At some time prior to September 26, 2017, the SALLIE MAE BANK obligation was purchased by and/or sold to US ASSET MANAGEMENT.

22. At the time the SALLIE MAE BANK obligation was purchased by and/or sold to US ASSET MANAGEMENT, the obligation was in default.

23. On or before September 26, 2017, US ASSET MANAGEMENT referred the SALLIE MAE BANK obligation to EOS CCA for the purpose of collections.

24. At the time US ASSET MANAGEMENT referred the SALLIE MAE BANK obligation to EOS CCA, the obligation was past due.

25. At the time US ASSET MANAGEMENT referred the SALLIE MAE BANK obligation to EOS CCA, the obligation was in default.

26. Defendants caused to be delivered to Plaintiff a letter dated September 26, 2017, which was addressed to Plaintiff. **Exhibit A,** which is fully incorporated herein by reference.

27. The September 26, 2017 letter was sent to Plaintiff in connection with the collection of the SALLIE MAE BANK obligation.

28. The September 26, 2017 letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

29. The September 26, 2017 letter is the initial written communication sent from Defendant to the Plaintiff.

30. Upon receipt, Plaintiff read the September 26, 2017 letter.

31. The September 26, 2017 letter provides the following information on the front of the letter regarding the balance claimed due on the SALLIE MAE BANK obligation:

Total Amount Due: $84413.61

32. On the reverse of the September 26, 2017 letter, the "Total Amount Due" claimed on the SALLIE MAE BANK obligation was itemized as follows:

| PRINCIPAL | INTEREST | CHARGES | BALANCE |
|---|---|---|---|
| $51,194.67 | $6,609.94 | $150.00 | $57,954.61 |
| $23,736.85 | $2,656.31 | $65.84 | $26,459.00 |
| | | TOTAL DUE: | $84,413.61 |

33. The September 26, 2017 letter stated in part:

> Note: Your account may be accruing interest on a daily basis; please contact our office for an exact payoff amount.

34. The outstanding balance claimed to be due by Defendants on the SALLIE MAE BANK obligation as of September 26, 2017 includes an amount for interest.

35. The outstanding balance claimed to be due by Defendants on the SALLIE MAE BANK obligation as of September 26, 2017 includes an amount for costs and/or fees.

36. At all times relevant to this matter, EOS CCA has not held a license under authority of the New Jersey Consumer Finance Licensing Act.

37. At all times relevant to this matter, EOS CCA has not held a license issued by the New Jersey Department of Banking and Insurance.

38. At all times relevant to this matter, EOS CCA has not held a license under authority of the New Jersey Consumer Finance Licensing Act authorizing it to make consumer loans, or to buy, discount or endorse notes (loans), or to receive interest.

39. At all times prior to September 26, 2017, US ASSET MANAGEMENT has not held a license under authority of the New Jersey Consumer Finance Licensing Act.

40. At all times prior to September 26, 2017, US ASSET MANAGEMENT has not held a license issued by the New Jersey Department of Banking and Insurance.

41. At all times prior to September 26, 2017, US ASSET MANAGEMENT has not held a license under authority of the New Jersey Consumer Finance Licensing Act authorizing it to make consumer loans, or to buy, discount or endorse notes (loans), or to receive interest.

42. Upon information and belief, SALLIE MAE BANK held a license with the New Jersey Department of Banking and Insurance or was otherwise authorized to charge and collect interest in New Jersey at all relevant times herein.

43. At no time was EOS CCA authorized to charge or add interest to Plaintiff's account.

44. At no time was EOS CCA authorized to collect interest on Plaintiff's account.

45. At no time was EOS CCA authorized to collect on Plaintiff's account.

46. At all times prior to September 26, 2017 US ASSET MANAGEMENT was not authorized to charge or add interest to Plaintiff's account.

47. At all times prior to September 26, 2017 US ASSET MANAGEMENT was not authorized to collect interest on Plaintiff's account.

48. At all times prior to September 26, 2017 US ASSET MANAGEMENT was not authorized to collect on Plaintiff's account.

49. EOS CCA was not permitted by law to add interest, late charges or other charges to the balance of the SALLIE MAE BANK obligation.

50. At all times prior to September 26, 2017 US ASSET MANAGEMENT was not permitted by law to add interest, late charges or other charges to the balance of the SALLIE MAE BANK obligation.

51. As EOS CCA did not obtain the appropriate license under the New Jersey Consumer Finance Licensing Act during the time relevant to this matter, it was prohibited from attempting to collect on the SALLIE MAE BANK obligation.

52. As US ASSET MANAGEMENT did not obtain the appropriate license under the New Jersey Consumer Finance Licensing Act at all times prior to September 26, 2017, it was prohibited from attempting to collect on the SALLIE MAE BANK obligation.

53. As of November 22, 2017, Defendants claimed that the "Total Amount Due" had increased to $85,769.06 due to additional interest being assessed.

54. EOS CCA was not permitted to add interest, late charges or other charges to the balance of the SALLIE MAE BANK obligation.

55. At all times prior to September 26, 2017 US ASSET MANAGEMENT was not permitted to add interest, late charges or other charges to the balance of the SALLIE MAE BANK obligation.

56. According to the agreement governing the SALLIE MAE BANK obligation, Defendants were permitted to charge "reasonable attorneys' fees, collection agency fees, court

costs (including fees and costs in an appellate or bankruptcy proceeding) and other collection costs" that were *incurred* in enforcing the SALLIE MAE BANK obligation.

57. At the time that EOS CCA sent the September 26, 2017 letter, Plaintiff did not owe US ASSET MANAGEMENT for "CHARGES" of $150.00 or $65.84.

58. At the time that it sent the September 26, 2017 letter to Plaintiff, EOS CCA had not billed US ASSET MANAGEMENT for "CHARGES" in the amount of $150.00 or $65.84.

59. At the time that it sent the September 26, 2017 letter to Plaintiff, EOS CCA had not charged US ASSET MANAGEMENT for "CHARGES" in the amount of $150.00 or $65.84.

60. At the time that it sent the September 26, 2017 letter to Plaintiff, US ASSET MANAGEMENT had not incurred "CHARGES" to EOS CCA in the amount of $150.00 or $65.84.

## **POLICIES AND PRACTICES COMPLAINED OF**

61. It is Defendants' policy and practice to send written collection communications, in the form annexed hereto as **Exhibit A**, which violate the FDCPA, by *inter alia*:

    (a) Using false, deceptive or misleading representations or means in connection with the collection of a debt;

    (b) Threatening to take any action that cannot legally be taken or that is not intended to be taken;

    (c) Using unfair or unconscionable means to collect or attempt to collect any debt; and

    (d) Making a false representation of the character or amount of the debt.

62. On information and belief, Defendants sent written communications in the form annexed hereto as **Exhibit A**, to at least 30 natural persons in the State of New Jersey with one year of this Complaint.

## COUNT I

### FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692 *et seq*. VIOLATIONS

63. Plaintiff, on behalf of herself and others similarly situated, repeats and realleges all prior allegations as if set forth at length herein.

64. Collection letters and/or notices, such as those sent by Defendants, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

65. The form, layout and content of Defendant's letter would cause the least sophisticated consumer to be confused about his or her rights.

66. The form, layout and content of Defendant's letter would cause the least sophisticated consumer to be confused as to whether the balance could and/or would increase.

67. The form, layout and content of Defendant's letter would cause the least sophisticated consumer to be confused as to whether the balance claimed was actually due.

68. The form, layout and content of Defendant's letter would cause the least sophisticated consumer to be confused as to whether Defendants' were entitled to an amount for costs and/or fees.

69. The form, layout and content of Defendant's letter would cause the least sophisticated consumer to be confused as to whether Defendants could legally attempt to collect the debt.

70. The form, layout and content of Defendant's letter would cause the least sophisticated consumer to believe that Defendants had the legal ability to attempt to collect the debt

and that Defendants had acquired the appropriate licenses or had otherwise complied with New Jersey regulations.

71. Defendants violated 15 U.S.C. § 1692e of the FDCPA by using any false, deceptive or misleading representation or means in connection with their attempts to collect debts from Plaintiff and others similarly situated.

72. Defendants violated 15 U.S.C. § 1692e of the FDCPA in connection with their communications to Plaintiff and others similarly situated.

73. Defendants violated 15 U.S.C. § 1692e of the FDCPA by falsely implying that they had the right or legal authority to collect debts from Plaintiff and others similarly situated.

74. Defendants violated 15 U.S.C. § 1692e of the FDCPA by claiming that the amount allegedly due on the SALLIE MAE BANK obligation included an amount for interest and an amount for costs and/or fees.

75. Defendants violated 15 U.S.C. § 1692e of the FDCPA by stating that the obligation *may* be subject to interest accruing on a daily basis when the Defendants intended to and indeed did assess interest on the obligation

76. Section 1692e(2)(A) of the FDCPA prohibits a debt collector from making a false representation of the character, amount or legal status of a debt.

77. Defendants violated 15 U.S.C. § 1692e(2)(A) by including an amount for interest in the balance stated in the September 26, 2017 letter.

78. Defendants violated 15 U.S.C. § 1692e(2)(A) by including an amount for costs and/or fees in the balance stated in the September 26, 2017 letter.

79. Defendants violated 15 U.S.C. § 1692e(2)(A) by making false representations of the character, amount or legal status of a debt.

80. Defendants violated 15 U.S.C. § 1692e(2)(A) as Defendants were prohibited from charging or collecting interest under the New Jersey Consumer Finance Licensing Act.

81. Defendants violated 15 U.S.C. § 1692e(2)(A) as Defendants were prohibited from collecting on the SALLIE MAE BANK obligation because they failed to comply with the New Jersey Consumer Finance Licensing Act.

82. Section 1692e(2)(B) of the FDCPA prohibits a debt collector from making a false representation of any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt.

83. Defendants violated 15 U.S.C. § 1692e(2)(B) by including an amount for costs and/or fees in the balance stated in the September 26, 2017 letter.

84. Defendants violated 15 U.S.C. § 1692e(2)(B) as Defendants were not entitled to an amount for costs and/or fees as of September 26, 2017.

85. Section 1692e(5) of the FDCPA prohibits a debt collector from threatening to take any action that cannot legally be taken or that is not intended to be taken.

86. Defendants violated 15 U.S.C. § 1692e(5) by attempting to collect the alleged debt without first obtaining the license(s) necessary under New Jersey law.

87. Section 1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt.

88. Defendants violated 15 U.S.C. § 1692e(10) by attempting to collect the alleged debt without first obtaining the license(s) necessary under New Jersey law.

89. Defendants' attempt to collect the alleged debt without first obtaining the license(s) necessary under New Jersey law violated various provisions of the FDCPA including but not limited to: 15 U.S.C. §§ 1692e; 1692e(2)(A); 1692e(5); 1692e(10); and 1692f *et seq*.

90. Section 1692f *et seq.* of the FDCPA prohibits a debt collector from using unfair or unconscionable means to collect or attempt to collect any debt.

91. Defendants violated Section 1692f *et seq.* of the FDCPA by attempting to collect interest, which it is not authorized or permitted by law to charge or collect.

92. Defendants violated Section 1692f *et seq.* of the FDCPA by attempting to collect costs and/or fees, which were not expressly authorized or permitted by law.

93. Defendants violated 15 U.S.C. § 1692f(1) by collecting or attempting to collect an amount from Plaintiff and others similarly situated that was not expressly authorized by the agreement creating the debt or permitted by law.

94. Defendants violated 15 U.S.C. § 1692g(a(1) by failing to properly and effectively presenting the amount of the debt.

95. Defendants violated 15 U.S.C. § 1692g(a(1) by including amounts in the total balance which were not yet due.

96. Defendant EOS CCA is liable for any violations of the FDCPA that US ASSET MANAGEMENT committed.

97. Congress enacted the FDCPA in part to eliminate abusive debt collection practices by debt collectors.

98. Plaintiff and others similarly situated have a right to free from abusive debt collection practices by debt collectors.

99. Plaintiff and others similarly situated have a right to receive proper notices mandated by the FDCPA.

100. Plaintiff and others similarly situated were sent letters which have the propensity to affect their decision-making with regard to the debt.

101. Plaintiff and others similarly situated have suffered harm as a direct result of the abusive, deceptive and unfair collection practices described herein.

102. Plaintiff has suffered damages and other harm as a direct result of the Defendants' actions, conduct, omissions and violations of the FDCPA described herein.

**WHEREFORE,** Plaintiff demands judgment against Defendants as follows:

(a) Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative and her attorneys as Class Counsel;

(b) Awarding Plaintiff and the Class statutory damages;

(c) Awarding Plaintiff and the Class actual damages;

(d) Awarding pre-judgment interest;

(e) Awarding post-judgment interest.

(f) Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses; and

(g) Awarding Plaintiff and the Class such other and further relief as the Court may deem just and proper.

Dated: January 30, 2017

*s/ Joseph K. Jones*
Joseph K. Jones, Esq. (JJ5509)
JONES, WOLF & KAPASI, LLC
375 Passaic Avenue, Suite 100
Fairfield, New Jersey 07004
(973) 227-5900 telephone
(973) 244-0019 facsimile
jkj@legaljones.com

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

*s/ Joseph K. Jones*
Joseph K. Jones, Esq.

## CERTIFICATION PURSUANT TO LOCAL RULE 11.2

I, Joseph K. Jones, the undersigned attorney of record for Plaintiff, do hereby certify to my own knowledge and based upon information available to me at my office, the matter in controversy is not the subject of any other action now pending in any court or in any arbitration or administrative proceeding.

Dated: January 30, 2017

*s/ Joseph K. Jones*
Joseph K. Jones, Esq.

# Exhibit A

**EOS CCA**
PO BOX 981002
BOSTON, MA 02298-1002



**ACCOUNT INFORMATION**

| | |
|---|---|
| STATEMENT DATE | 09/26/17 |
| ACCOUNT # | ▇▇▇827 |
| CLIENT NAME | US ASSET MANAGEMENT INC |
| ORIGINAL CREDITOR | Sallie Mae Bank |

**TOTAL AMOUNT DUE** ➤ **$84413.61**

## NOTICE OF COLLECTION PLACEMENT

The above referenced account has been placed with EOS CCA for collection of the outstanding balance, which is now due in full.

Please remit your payment, using the below coupon, to EOS CCA for proper crediting.

If you have any questions or require assistance, please call 1-855-526-6298. One of our loan specialists will be able to help you.

Thank you for your immediate attention to this matter.

Note: Your account may be accruing interest on a daily basis; please contact our office for an exact payoff amount.

This communication is from a debt collector. This is an attempt to collect a debt and any information obtained will be used for that purpose.

**\*\*Please see reverse for important notices and account details.\*\***

### PAYMENT OPTIONS

 Pay online at www.eos-cca.com. Log in with the following account number: 13-9758827

 Pay by phone at 1-855-526-6298.

✉ Pay by mail. Include the remittance slip below and send to the address shown on the slip.

Office Hours: Mon-Thur 8:00 AM - 9:00 PM ET, Fri 8:00 AM - 5:00 PM ET, Sat 8:00 AM - 12:00 PM ET

--- Detach remittance slip and enclose with payment ---

PO BOX 981002
BOSTON, MA 02298-1002



| CLIENT NAME |
|---|
| US ASSET MANAGEMENT INC |
| ACCOUNT # |
| ▇▇▇827 |
| TOTAL AMOUNT DUE ➤ $84413.61 |

IF PAYING BY VISA OR MASTERCARD, FILL OUT BELOW
☐ VISA   ☐ MasterCard
CARD NUMBER        AMOUNT
SIGNATURE          Exp. Date

MELISSA L WINSHIP

EOS CCA
PO BOX 981008
BOSTON, MA 02298-1008

1 of 1

## FEDERAL LAW

Unless you dispute the validity of this debt, or any portion thereof, within thirty days after receipt of this notice, we shall assume the debt to be valid. If you notify us in writing of your dispute within this thirty-day period, we will obtain verification of the debt, or a copy of a judgment against you, and a copy of such verification or judgment will be mailed to you. Upon your written request within the thirty-day period, we will provide you with the name and address of the original creditor, if different from the current creditor.

| EOS CCA ACCOUNT # | CLIENT ACCT # | SCHOOL NAME | PRINCIPAL | INTEREST | CHARGES | BALANCE |
|---|---|---|---|---|---|---|
| 9758827 | 5852500005893529 | DREXEL UNIVERSITY | $51,194.67 | $6,609.94 | $150.00 | $57,954.61 |
| 9758829 | 5852500017161792 | DREXEL UNIVERSITY | $23,736.85 | $2,656.31 | $65.84 | $26,459.00 |
| | | | | | TOTAL DUE: | $84,413.61 |

For general account inquiries, call 1-855-526-6298 or 1-617-904-9843.
For customer service issues, call our Consumer Relations Department at 1-877-395-5997.